OPINION OF THE COURT
Ira Gammerman, J.
This is a motion by plaintiff for an order under CPLR 3211 (subd [a], par 7) dismissing the second affirmative defense of defendant Bonded Services, Inc. (Bonded) on the ground that it is “invalid as a matter of law”. Under the challenged defense, Bonded alleges that a written agreement limits Bonded’s liability for the property damage alleged to have occurred to plaintiff’s property while stored in Bonded’s warehouse. Plaintiff contends that the alleged limitation of liability is invalid under New York law, including section 7-204 of the Uniform Commercial Code.
Defendant Bonded opposes plaintiff’s motion and cross-moves for an order granting leave to amend its answer to include cross claims against codefendants Man Engineering. Inc., doing business as Manhattan Engineering Bureau (Manhattan Engineering) and Manhattan Automatic *456 Sprinkler Corp. (Manhattan Automatic) (CPLR 3025, subd [b]). Bonded’s cross motion is granted without opposition.
Defendants Manhattan Engineering and Manhattan Automatic cross-move for an order granting leave to amend their answer (CPLR 3025, subd [b]) to respond to the amendment proposed by defendant Bonded. Their cross motion is granted without opposition.
With respect to plaintiff’s motion, under the affirmative defense which plaintiff challenges, defendant Bonded alleges that “defendant’s liability, if any, is limited to $5.00 per reel” for the motion picture film and tapes stored by plaintiff in Bonded’s warehouse and allegedly water damaged as the result of defendant’s negligence. Bonded’s second affirmative defense alleges that the plaintiff’s property was delivered into the custody of defendant under a storage agreement containing the following express $5 per reel limitation of liability: “(b). We do not carry insurance for the account of owners. We assume no liability of any kind whatsoever for film stored with us. All film is stored at owners risk. It is agreed, in any event, that our liability from any cause whatsoever shall not exceed $5.00 per reel, unless a higher value is declared and paid for at the time of storage. It is further agreed that as to film stored with us, the same may be stored at such place or places as we may deem desirable, there being no promise or representation, either express or implied, that the film stored by us will be retained or kept at any designated place or building. These provisions are not subject to alteration or waiver without an express agreement in writing signed by an officer of our corporation.”
Although no original contract or warehouse receipt has been produced, it is undisputed that Bonded has rented vault space to plaintiff since 1951, and has received monthly bills from Bonded containing the limitation of liability clause relied upon by Bonded.
Under subdivision (1) of section 7-205 of the Uniform Commercial Code a generally applicable duty of care for a warehouse operator is established: “A warehouseman is liable for damages for loss of or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful man would exercise under like circumstances but unless otherwise agreed he is not liable for *457 damages which could not have been avoided by the exercise of such care.” Despite this provision, subdivision (2) of section 7-204 of the Uniform Commercial Code expressly permits damages to be limited by a term in a warehouse receipt (see Uniform Commercial Code, § 1-201, subd [45]) or storage agreement: “(2) Damages may be limited by a term in the warehouse receipt or storage agreement limiting the amount of liability in case of loss or damage, and setting forth a specific liability per article or item, or value per unit of weight, beyond which the warehouseman shall not be liable; provided, however, that such liability may on written request of the bailor at the time of signing such storage agreement or within a reasonable time after receipt of the warehouse receipt be increased on part or all of the goods thereunder, in which event increased rates may be charged based on such increased valuation, but that no such increase shall be permitted contrary to a lawful limitation of liability contained in the warehouseman’s tariff, if any. No such limitation is effective with respect to the warehouseman’s liability for conversion to his own use.”
The “warehouse receipt” or “storage agreement” referred to in subdivision (2) of section 7-204 of the Uniform Commercial Code can include an agreement which arises by implication or subsequent agreement in connection with the course of dealing between the parties over an extended period of time (see Uniform Commercial Code, § 1-201, subd [3]; § 1-205). However, as is apparent from the statutory language quoted above, in order for the alleged contractual limitation of Bonded’s liability to be enforceable, the depositor of goods must have been given an opportunity to obtain an increased valuation by paying increased rates (Uniform Commercial Code, § 7-204, subd [2]; see Melodee Lane Lingerie Co. v American Dist. Tel. Co., 18 NY2d 57). Under the allegations in Bonded’s second affirmative defense, there is no allegation that Bonded gave plaintiff the opportunity to pay a specified additional charge consonant with full liability. For these reasons the purported limitation of liability as alleged would not be enforceable (see Melodee, supra, at p 70). Accordingly, as a matter of law, the challenged pleading is insufficient to support a defense *458 of limitation of liability, and defendant’s motion to dismiss Bonded’s second affirmative defense is granted (CPLR 3211, subd [a], par 7).
The answers of defendants Bonded, Manhattan Engineering and Manhattan Automatic will be deemed amended in the form annexed to the papers submitted in support of the cross motions, upon service of a copy of the order to be settled hereon.